United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60213
Summary Calendar

_____

DAVID LEE HAYES,

Petitioner-Appellant,

versus

DONALD A. CABANA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:03-CV-323
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

David Lee Hayes, Mississippi prisoner # 40873, seeks a

certificate of appealability (COA) to appeal the district court's

dismissal as untimely of his 28 U.S.C. § 2254 petition

challenging his 2000 conviction for felony escape.  In order to

obtain a COA, Hayes must make a substantial showing of the denial

of a constitutional right.  28 U.S.C. § 2253(c)(2).

Hayes asserts that the district court erred in dismissing

his federal petition as untimely.  It cannot be ascertained from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the current record whether the Mississippi Supreme Court considered Hayes's 2002 postconviction application as a challenge to a statutory rape conviction, as was alleged in the facts of the application, or as a challenge to the escape conviction, as was alleged on the cover page of the application. The Mississippi Supreme Court did dismiss as successive Hayes's 2003 application challenging his escape conviction. If the earlier application was in fact a challenge to the escape conviction, Hayes would be entitled to tolling for the time that application was pending, which would continue until the present date if the Mississippi Supreme Court never ruled on it. Consequently, COA is GRANTED on the following issues: considering the state court's ruling on Hayes's 2003 application, whether Hayes's state postconviction application filed in 2002 was interpreted by the state courts as a challenge to his escape conviction; whether Hayes was entitled to tolling for any time that such an application was pending; and whether Hayes's federal petition has been rendered timely by any such tolling. Because the record is insufficient to establish the propriety of the district court's ruling, the case is REMANDED to the district court so that that court may obtain copies of any necessary postconviction documents in either the escape or the statutory rape case.

Hayes's motion for leave to proceed *in forma pauperis* (IFP) on appeal is also GRANTED. Hayes has moved for appointment of counsel on appeal; this motion is DENIED.

COA GRANTED; JUDGMENT VACATED; CASE REMANDED; IFP GRANTED;

APPOINTMENT OF COUNSEL DENIED.